**THE DEPARTMENT OF EDUCATION, GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendant**

Civil No. 80-226

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 13, 1981

JACK BRIAN, ESQ., Assistant Attorney General, St. Thomas, V.I., *for plaintiff*

JOHN G. SHORT, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Defendant has moved this Court to dismiss the complaint in this action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The plaintiff on the other hand, seeks leave to amend its complaint. Fed. R. Civ. P. 15(a). The relief requested will be granted as to defendant but denied with respect to plaintiff.

Pursuant to 5 V.I.C. § 1261, the plaintiff has requested this Court to enter a declaratory judgment to the effect that the rate schedule of defendant Virgin Islands Water and Power Authority (hereinafter "W.A.P.A.") which provided a five percent (5%) penalty charge for late payment of charges for its services was "unreasonable, unjust and discriminatory," and therefore in violation of 30 V.I.C. § 2,[1] that the Public Services Commission (hereinafter "P.S.C.") illegally approved W.A.P.A.'s rate schedule, and that the plaintiff is therefore not required to honor the penalty charges that have been assessed against it. For the reasons hereinafter stated, we find that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Legislature has provided in 30 V.I.C. §§ 9, 15, and 36 that rates approved by the P.S.C. are to be deemed lawful until set aside by the P.S.C. or by the courts on appeal of a P.S.C. decision. The method of assessing penalty charges which the plaintiff seeks to have voided was replaced by a new late payment clause in a May 6, 1980, order of the P.S.C. which became effective for bills rendered

---

[1] 30 V.I.C. § 2 provides in pertinent part that "[t]he charge made by any . . . [public utility doing business within the Virgin Islands] for any facility or services furnished, or rendered, or to be furnished, or rendered, shall be reasonable, just and nondiscriminatory."

after June 11, 1980. Thus, although pursuant to 30 V.I.C. § 20, the plaintiff could have initiated a P.S.C. investigation of the legality of the penalty charge while the penalty was still in effect, such an action would now be moot as the P.S.C. has already eliminated the penalty charge in question. The plaintiff is therefore asking this Court to make a retroactive determination that a rate was unreasonable at a date when the rate was still legally approved by an order of the P.S.C.

In the leading Supreme Court case, Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 247 (1951), the High Court held that rates charged for electricity could not be retroactively challenged in a court as "unjust and unreasonable" after the rates had been approved by the appropriate regulatory agency.

> Petitioner identified as the source of its cause of action the Federal Power Act's requirement of reasonable electric utility rates which, it contends, creates its legal right to rates which a court may deem reasonable, even if different from those accepted by the Federal Power Commission . . . .
>
> But the problem is whether it is open to the courts to determine what the reasonable rates during the past should have been . . . . A court may think a different level more reasonable. But the prescription of the statute is a standard for the Commission to apply and, independently of Commission action, creates no right which courts may enforce . . . .
>
> We hold that the right to a reasonable rate is the right to the rate which the Commission files or fixes, and that, except for review of the Commission's orders, the courts can assume no right to a different one on the ground that, in its opinion, it is the only or the more reasonable one.

Id. at 250–53. Similarly, a New York court found that a late-payment provision which was functionally identical to the clause at issue in this action was not subject to retroactive challenge, the rate having been approved by the regulatory commission. Central Hudson Gas & Electric Corp. v. Napoletano, 101 N.Y.S.2d 57, 59 (N.Y. App. Div. 1950).

In accordance with Montana-Dakota Utilities Co. and Central Hudson Gas & Electric Corp., we conclude that we are wholly without power to retroactively declare rates approved by the P.S.C. as unreasonable. Pursuant to 30 V.I.C. § 33, the plaintiff had a right of appeal to the P.S.C. in which plaintiff could have challenged that agency's approval of the penalty charge at issue within 30 days after

257

publication of such approval. Thereafter, an adverse decision of the P.S.C. could have been appealed to the District Court of the Virgin Islands. 30 V.I.C. § 34. The plaintiff also had the right at any time to initiate a P.S.C. investigation of the reasonableness of the penalty charge under 30 V.I.C. § 20. However, the plaintiff has no statutory or other right to the relief it now requests.

The plaintiff also seeks to amend its complaint in order to add allegations of due process and equal protection violations, arguing that the penalty charge bore no rational relationship to the loss or damage incurred by the defendant and fell unequally on the classes of consumers who are customers of the defendant, therefore violating the equal protection clause of the 14th Amendment of the United States Constitution[2] and Section 30 of the Revised Organic Act of 1954, and that the plaintiff was deprived of its property without due process of law, also a violation of the 14th Amendment.

██ Leave to amend a complaint under Fed. R. Civ. P. 15(a) should be "freely given when justice so requires." 3 Moore's Federal Practice ¶ 15.08[2] at 15-61. However, an amendment will not be allowed if the moving party is guilty of bad faith or seeks to amend his complaint for the purpose of delay. Id. at 15-62. In the case at bar, the claims which the plaintiff seeks to add are patently frivolous. The asserted equal protection violation cannot be sustained because the late-payment penalty was applied equally to all customers who made late payments and the plaintiff's proposed amended complaint does not allege anything to the contrary. As to the due process contention, it too is without foundation, as the plaintiff admits in the complaint that the penalty charge was approved by the P.S.C., and there are no allegations that this approval was not made in the manner provided for by statute. Title 30 of the Virgin Islands Code provides for full hearings of P.S.C. orders and allows court appeals and therefore the statutory procedures clearly meet the due process test. For all the foregoing, plaintiff will not be granted leave to amend its complaint.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of the defendant to dismiss the complaint be, and the same is hereby, GRANTED;

---

[2] The equal protection and due process clauses of the 14th Amendment of the United States Constitution have been expressly made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954.

IT IS FURTHER ORDERED that the motion of plaintiff for leave to amend its complaint be, and the same is hereby, DENIED.